FILED
APR 28 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SUPPRESSED

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JONATHAN BROWN, ) <br> ) <br> Defendant. ) | **4:21CR00273 JAR/NCC** |

## INDICTMENT

## COUNT ONE

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defines the term

(a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b) " sexually explicit conduct" to mean actual or simulated--

    (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

    (ii) bestiality,

    (iii) masturbation,

    (iv) sadistic or masochistic abuse, or

    (v) lascivious exhibition of the genitals, anus or pubic area of any person (18 U.S.C §2256(2)(A)); and

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where-

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. On or between about March 1, 2016 and July 31, 2020, in the Eastern District of Missouri and elsewhere,

**JONATHAN BROWN,**

the defendant herein, did knowingly receive image files and video files of child pornography using any means and facility of interstate and foreign commerce, to wit the defendant knowingly received image files and video files of child pornography via the internet, to include but not limited to images and videos of prepubescent children and minors engaged in acts of masturbation and the lascivious display of their genitals, including but not limited to:

a. A video file entitled "Liesa2.wmv," approximately 15:03 in length, which depicts an approximately 4 year-old minor female, naked from the waist down, standing between the legs of an adult male with her hand on his exposed erect penis. The minor female masturbates the adult male. The camera then focuses on the minor female's genitalia, while

3

   she masturbates. The hand/index finger of the adult male is then seen rubbing and attempting to penetrate her vagina.

   b. A video file entitled "Chocked2.mp4," approximately 5:57 in length, presented in split screen format which depicts various child pornography scenes apparently being shown to various minors via the social media app Omegle. The minors appear to be reacting to the child pornography content in each of several scenes, including the following:

   1. an adult male puts his erect penis in the mouth of an approximately 3-4 year old female, who is nude from the waist up;

   2. an adult male stands over two 3-4 year old females while they touch and rub his erect penis with their hands;

   3. the finger of an adult male penetrates the vagina of a 3-4 year old minor female who is nude from the waist down and lying on her back.

   c. A video filed entitled "Edit chines thai.mp4," approximately 10:11 in length, which depicts an adult male engaging in vaginal sexual intercourse, in various positions, with an approximately 6-8 year old fully nude minor female.

in violation of 18 U.S.C. § 2252A(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in Count 1 of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any

4

property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.  If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JILLIAN S. ANDERSON, #53918MO
Assistant United States Attorney